IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STANLEY DYE, JR.,**

    **Petitioner,**

v.                                     **CIVIL ACTION NO. 1:16CV239**
                                    **CRIMINAL ACTION NO. 1:14CR11-4**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

Pending is the pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by the petitioner, Stanley Dye, Jr. ("Dye") (Dkt. No. 1).[1] For the following reasons, the Court **DISMISSES** this case **WITH PREJUDICE**.

### I. BACKGROUND

In February 2014, Dye pleaded guilty to one count of aiding and abetting possession with intent to distribute oxycodone, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Case No. 1:14cr11-4, Dkt. Nos. 35, 37, 38). Based on his conviction in this case, and two prior Michigan convictions for possession with intent to deliver a controlled substance, the Court

---

[1] Unless otherwise noted, all docket numbers refer to Civil Action No. 1:16cv239.

**DYE v. USA**                                                                               **1:16CV239**
                                                                                                                                                           **1:14CR11-4**

**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

concluded that Dye was subject to a "career offender" enhancement under United States Sentencing Guideline § 4B1.1(a) and sentenced him to 151 months of incarceration followed by 3 years of supervised release (Case No. 1:14cr11-4, Dkt. Nos. 147, 150). The United States Court of Appeals for the Fourth Circuit later dismissed his appeal because it was barred by his plea agreement (Case. No. 1:14-cr-11-4, Dkt. No. 166). Dye did not seek a writ of certiorari.

In December 2016, Dye filed the current motion to vacate sentence, which he later re-filed on the court-approved form (Dkt. Nos. 1, 5). After the Government moved to dismiss his motion (Dkt. No. 11), Dye moved for leave to amend (Dkt. No. 13). The Government responded to the substance of Dye's motions on August 7, 2017 (Dkt. Nos. 14, 19). These motions are now ripe for disposition.

## II. APPLICABLE LAW

Title 28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum

**DYE v. USA** 1:16CV239
1:14CR11-4
**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

**A.  "Actually Innocent" of the Career-Offender Enhancement**

Dye's two motions rest on the contention that, in light of the decision of the Supreme Court of the United States in Mathis v. United States, 136 S. Ct. 2243 (2016) (Dkt. Nos. 5 at 5-6, 5-1 at 3-8, 13-1 at 1-5), his 2006 Michigan conviction for possession with intent to deliver is no longer a valid predicate for a career offender enhancement under U.S.S.G. § 4B1.1(a). This is so, he claims, because the definition of possession with intent to deliver in Michigan is broader than the generic controlled substance offense defined in U.S.S.G. § 4B1.2(b). Id. Being broader than the generic definition, Dye insists that he therefore is "actually innocent" of the career offender enhancement. Id.

Assuming, without deciding, that Dye did not waive his right to collaterally attack his sentence on this ground in his plea agreement, he is not entitled to relief for two reasons. First, the

**DYE v. USA**  1:16CV239
1:14CR11-4

**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

Supreme Court's decision in Mathis did not announce a new rule of constitutional law that applies retroactively on collateral review. See, e.g., Forrest v. United States, 934 F.3d 775, 778 (8th Cir. 2019) ("Neither Mathis nor Descamps announced a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review." (citation omitted)).

Second, even if it had announced such a rule, Mathis does not entitle Dye to relief because his 2006 Michigan conviction under Mich Compiled Laws § 333.7401 is not broader than the controlled substance offense defined in U.S.S.G. § 4B1.2(b). Indeed, "[t]he fact that a 'delivery' of controlled substances under Michigan law may include an attempt to deliver does not render the Michigan definition of 'delivery' broader than the generic definition of 'delivery' of controlled substances." United States v. Watkins, No. 14-cr-20034, 2018 WL 453862, at *3 (E.D. Mich. Jan. 17, 2018). To be sure, "most jurisdictions define the offense – as Michigan does – to include an attempted delivery. For instance, under the federal Controlled Substances Act, a 'delivery' is 'the actual, constructive, *or attempted* transfer of a controlled substance . . . .'" Id. (emphasis in original) (quoting 21 U.S.C. § 802(8)).

4

**DYE v. USA**  1:16CV239
1:14CR11-4
**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

Therefore, "the generic definition of 'delivery' of controlled substances and 'the definition[] of "delivery"' under Mich. Comp. Laws § 333.7401 'are materially identical.'" Id. (quoting Williams v. United States, No. 14-cr-2042-6, 2017 WL 4675362, at *4 (E.D. Mich. Oct. 18, 2017) (rejecting argument under modified categorical approach that a prior delivery conviction under § 333.7401 should not have counted as a "controlled substance offense" under § 4B1.2)); see also Gonzalez v. United States, No. 13-cr-20813-01, 2017 WL 2874739, at *5 (E.D. Mich. July 6, 2017) (same). Accordingly, Dye's 2006 Michigan conviction remains a valid predicate for his career offender enhancement under § 4B1.2(b).

**B.  Request for a Stay**

In his second ground for relief, Dye asks the Court to stay its consideration of the instant § 2255 petition while he prepares to collaterally attack his allegedly deficient state court convictions in Michigan (Dkt. No. 5 at 7-8). Because it is unclear whether Dye has actually collaterally attacked his state court convictions, the Court denies his request for a stay.

**DYE v. USA**                                              1:16CV239
                                                            1:14CR11-4

**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

## IV. CONCLUSION

For the reasons discussed, the Court 1) **DENIES** Dye's § 2255 motion (Dkt. No. 1), 2) **DENIES AS MOOT** his motion to amend (Dkt. No. 13) and the Government's motion to dismiss (Dkt. No 11), and 3) **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit copies of both orders to Dye by certified mail, return receipt requested, and to counsel of record by electronic means, and to strike this case from the Court's active docket.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of

**DYE v. USA**                                                        1:16CV239
                                                                     1:14CR11-4
**MEMORANDUM OPINION AND ORDER
DENYING THE PETITIONER'S § 2255 MOTION
[DKT. NO. 1], DENYING AS MOOT THE PETITIONER'S MOTION
TO AMEND [DKT. NO. 13] AND THE GOVERNMENT'S MOTION TO
DISMISS [DKT. NO. 11], AND DISMISSING THIS CASE WITH PREJUDICE**

appealability in this matter because Dye has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Dye has failed to make the requisite showing and, therefore, **DENIES** a certificate of appealability.

DATED: February 25, 2020

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE